UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FREDDY ANGEL TRUJILLO,<br>Petitioner,<br>v.<br>RAYMOND MADDEN,<br>Warden,<br>Respondent. | Case No.: CV 17-07188-ODW (JDE)<br><br>ORDER TO SHOW CAUSE |

## I.
## BACKGROUND

On September 29, 2017, Petitioner Freddy Angel Trujillo ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein ("Pet." or "Petitioner"). Dkt. 1. The Petition is directed at Petitioner's 2014 conviction in and sentence imposed by the Los Angeles County Superior Court. Pet. at 2. Petitioner purports to raise five grounds for relief: (1) "juror bias"; (2) ineffective assistance of trial and appellate counsel; (3) "destruction of exculpatory evidence"; (4) "the right to severance and take plea bargain"; and (5) a reference to a "Motion" attached to the Petition, which appears to set forth the generally same grounds, albeit in a different order and sometimes

with different labels for the claims. Pet. at 5-6; Pet. Attachment, Dkt. 1 at 14-48 and Dkt. 1-1 at 1-4 (CM/ECF pagination). Petitioner asserts that each purported ground was raised on direct appeal in the California Court of Appeal, in a Petition for Review to the California Supreme Court, and in a habeas petition to the California Supreme Court. Pet. at 5-7.

The Petition reflects that Petitioner appealed his conviction and sentence to the California Court of Appeal based upon the following grounds: (1) Sixth Amendment violation in revoking Petitioner's pro per status; (2) Sixth Amendment Confrontation Clause violation in connection with the admission of certain prior testimony; (3) Due Process violation relating to admission of hearsay evidence; and (4) sufficiency of the evidence. Pet. at 2-3. The Petition also reflects that Petitioner filed a Petition for Review on direct appeal to the California Supreme Court following the denial of his appeal by California Court of Appeals, which was denied on March 14, 2016. Pet 3-4.

The Petition reflects that Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, raising grounds roughly analogous to the grounds asserted in the Petitioner, which was denied on June 7, 2017. Lastly, the Petition asserts that Petitioner currently has pending in the California Supreme Court a petition with respect to "all mentioned [grounds] in [the] Motion" attached to the Petition, which, as noted, appears to coincide with the grounds referenced on the face of the Petition. Pet. at 8.

## II.
## EXHAUSTION GENERALLY

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas

petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991), modified by Martinez v. Ryan, 566 U.S. 1 (2012); Castille v. Peoples, 489 U.S. 346, 349 (1989). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte*. See Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (as amended).

      Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).

# III.

# DISCUSSION

Here, it appears from the description of the matters raised on direct appeal when compared to the grounds for the Petition, that the grounds in the Petition are different from the grounds raised on direct appeal. Furthermore, Petitioner asserts that there is a pending petition, not yet decided, in the California Supreme Court in which Petitioner does appear to raise the same grounds as those pending in the instant Petition. As a result, it appears that Petitioner has not exhausted his state remedies with respect to any of his grounds for relief.

If it were clear that the California Supreme Court would hold that Petitioner's claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille, 489 U.S. 346 at 351-52; Johnson, 88 F.3d at 831.[1] Here, however, it is not clear that the California Supreme Court will hold that Petitioner's claims are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 824 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error was raised and rejected on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for

---

[1] In that event, although the exhaustion impediment to consideration of Petitioner's claims on the merits would be removed, federal habeas review of the claims would still be barred unless Petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman, 501 U.S. at 750.

4

invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to, and disposed of on the merits by, the state's highest court.

## IV.
## ORDER

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing, if any he has, why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies. **By no later than November 3, 2017**, Petitioner shall file a response to this Order. If Petitioner contends that he has, in fact, exhausted some or all of his claims, he must clearly explain the basis for this contention, and provide any available competent evidence that establishes exhaustion. If Petitioner concedes that some or all of the grounds for relief are unexhausted, Petitioner may voluntarily dismiss his unexhausted claims or request a voluntarily dismissal of the action without prejudice if the Petition is entirely unexhausted.

Additionally, at the time Petitioner files his response, he also may request a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005) and/or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). However, to the extent the Petition is entirely unexhausted, a stay under Kelly is unavailable. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir. 2009). If Petitioner requests a stay of the proceedings under Rhines, Petitioner must show the following: (a) He has good cause for failing to exhaust the unexhausted claims in state court; (b) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (c) he has not engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78. Petitioner is cautioned that

if he requests a stay under Rhines or Kelly and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend that the Petition be dismissed. Petitioner may request a stay, and include a notice that, if the Court denies the stay, he alternatively requests a voluntary dismissal of the unexhausted claims or the entire action without prejudice. **The clerk is directed to provide Petitioner a copy of the Notice of Dismissal Form.** However, there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

**The Court warns Petitioner that failure to timely file a response to this Order may result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).**

Dated:   October 4, 2017

_/s/ John D. Early_
JOHN D. EARLY
United States Magistrate Judge